IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEE TURNER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 16-667-LPS |
| CONNECTIONS CSP, et al., | : |
| Defendants. | : |

Lee Turner, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Michael F. McTaggart, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Warden David Pierce.

**MEMORANDUM OPINION**

February 27, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Lee Turner ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1] (D.I. 2) Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8) Plaintiff has filed a motion for injunctive relief and a request for counsel. (D.I. 6, 10) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II. BACKGROUND

Plaintiff suffered three injuries to his shoulder and received surgery by an outside orthopedic surgeon. Following the April 18, 2016 surgery, Plaintiff recovered in the VCC infirmary for approximately 16 days. When Plaintiff was seen at his follow-up appointment, he was prescribed pain medication and physical therapy was ordered to start immediately. Plaintiff alleges that Defendant Connections CSP ("Connections") was given specific instructions that Plaintiff receive physical therapy twice weekly.

Plaintiff was discharged from the infirmary on May 4, 2016, and was told by Defendant Dr. Ellis ("Dr. Ellis") that he would be housed in SHU, that his medication would be changed due to his housing assignment, and that he would have to do the physical therapy himself because "we have no physical therapist." (D.I. 2 at 3) Plaintiff was transferred to SHU and never received physical therapy. He submitted grievances over the matter.

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

On June 20, 2016, Plaintiff presented to the Christiana Care Rehabilitation Center for a post-op consult with extreme pain, lack of mobility, limited range of motion, stiffness and weakness. Plaintiff was told that physical therapy was most important for a full recovery. Plaintiff alleges that he must wear a brace due to the effects of the failure to receive rehabilitation.

He seeks injunctive relief and compensatory and punitive damages.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d

2

Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Having reviewed the allegations in the complaint, the Court concludes that Plaintiff has alleged cognizable and non-frivolous claims against Defendants.

### A. Request for Counsel

Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He requests counsel on the grounds that he is unable to afford counsel, the issues are complex, he has no access to the law library, he has no legal training or knowledge, is dependent upon jailhouse lawyers, and the merits of his case are legitimate. (D.I. 6)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, as operative word in statute is "request").

4

certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims, the issues are not complex, and this case is in its very early stages. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. Therefore, the Court will deny the request for counsel. (D.I. 6) The Court can address the issue at a later date should counsel become necessary.

### B. Motion for Injunctive Relief

Plaintiff seeks injunctive relief that requires Defendants "to carry out the plan of treatment set forth by the physical therapist in full." (D.I. 10) Warden Pierce opposes. (D.I. 13)

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff;

5

(3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff's motion indicates that he started physical therapy nearly two months after it was prescribed on June 26, 2016. The motion further states, however, that Plaintiff is currently transported and escorted by officers to Christiana Care Rehab Center twice a week, while a walk to the gym would take him five minutes. It appears that Plaintiff wishes to use the exercise equipment as a means of rehabilitation. Dr. Vincent Carr ("Dr. Carr") reviewed Plaintiff's medical records and states that he does "not believe that [Plaintiff] has been denied any medical care that has impacted his condition," nor does he believe that Plaintiff is "subject to harm based on his present medical condition." (D.I. 13 Ex. 1)

Given the representations made by Plaintiff in his motion, as well as Dr. Carr's statement, the record does not demonstrate the likelihood of success on the merits. Nor is there any indication that, at the present time, Plaintiff is in danger of suffering irreparable harm. Because Plaintiff has neither demonstrated the likelihood of success on the merits, nor demonstrated irreparable harm to justify the issuance of immediate injunctive relief, the Court will deny his motion.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew the request for counsel (D.I. 6); (2) deny the motion for injunctive relief (D.I. 10); and (3) allow Plaintiff to proceed with the claims raised against Defendants.

An appropriate Order follows.