IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEE TURNER,

        Plaintiff,

v.                               Civ. No. 16-667-LPS

CONNECTIONS CSP, et al.,

        Defendants.

---

Lee Turner, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Nicholas Robert Wynn, Esquire, White & Williams, Wilmington, Delaware. Counsel for Defendants Connections Community Support Programs, Inc. and Herman Ellis, M.D.

Michael F. McTaggart, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant David Pierce.

**MEMORANDUM OPINION**

September 11, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Lee Turner ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. (D.I. 2) He also raises claims under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehab Act"). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 9) Before the Court is Medical Defendants' motion to dismiss and Plaintiff's opposition. (D.I. 30)

## II. BACKGROUND

Plaintiff sustained three injuries to his shoulder that resulted in surgery by an outside orthopedic surgeon. Following the April 18, 2016 surgery, Plaintiff recovered in the VCC infirmary for approximately 16 days. When Plaintiff was seen at his follow-up appointment, he was prescribed pain medication and physical therapy was ordered to start immediately. Plaintiff alleges that Defendant Connections CSP ("Connections") was given specific instructions that Plaintiff receive physical therapy twice weekly.

Plaintiff was discharged from the infirmary on May 4, 2016, and told by Defendant Dr. Ellis ("Dr. Ellis") that he would be housed in SHU, that his medication would be changed due to his housing assignment, and that he would have to do the physical therapy himself because "we have no physical therapist." (D.I. 2 at 3) Plaintiff was transferred to SHU and never received physical therapy. He submitted grievances over the matter.

On June 20, 2016, Plaintiff presented to the Christiana Care Rehabilitation Center for a post-op consult complaining of extreme pain, lack of mobility, limited range of motion, stiffness and weakness. Plaintiff was told that physical therapy was most important for a full recovery. Plaintiff

1

alleges that he must wear a brace due to the effects of the failure to receive rehabilitation. He seeks injunctive relief and compensatory and punitive damages.

Medical Defendants move for dismissal of all claims raised against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief may be granted. Medical Defendants also move for dismissal of Dr. Ellis pursuant to Fed. R. Civ. P. 12(b)(5) for failure to effect service. While Plaintiff opposes the motion, he concedes that his ADA and Rehab Act claims in Count Four against the Medical Defendants are not cognizable and acknowledges that the due process claim in Count Five is actually an Eighth Amendment claim. (*See* D.I. 31 at 10)

## III. RULE 12(b)(6) MOTION TO DISMISS

### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff

2

must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### B. Discussion

Medical Defendants move for dismissal on the grounds that, at most, the allegations state a tort claim of medical negligence, which is not cognizable under 42 U.S.C. § 1983. In this regard, Medical Defendants argue that: (1) the allegations do not rise to the level of deliberate indifference

3

to serious medical needs in light of the ongoing medical treatment provided to Plaintiff; (2) Plaintiff merely disagrees with the medical opinion of Dr. Ellis with regard to physical therapy, which is not a constitutional violation; (3) Connections cannot be held liable when there is no underlying constitutional violation; (4) the ADA and Rehab claims against Connections must be dismissed as a matter of law; and (5) Plaintiff's claim of sub-standard medical care is not a violation of procedural due process.

As is well-established, the legal standard when ruling on Rule 12(b)(6) motions is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court previously reviewed Plaintiff's allegations and found that he stated what appear to be cognizable and non-frivolous claims. (*See* D.I. 17, 18). Nothing has changed since that ruling.

Nonetheless, the Court has revisited the allegations, liberally construed them, as it must, and finds that Plaintiff adequately raises medical needs claims under the Eighth Amendment. Plaintiff acknowledges that he does not raise due process claims and concedes that his ADA and Rehab Act claims against Connections are not cognizable. (D.I. 31 at 10) Therefore, the Court will dismiss the ADA and Rehab Act claims raised in Count Four to the extent that Count Four is raised against Connections and Dr. Ellis and will dismiss that portion of Count Five that speaks to a due process claim.

Plaintiff has alleged what could be considered a serious medical need. He alleges that Dr. Ellis delayed or denied him treatment. A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. In addition, in order to hold Connections liable, Plaintiff must allege a policy or custom that

4

demonstrates such deliberate indifference. *See Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989). "Custom . . . can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992) (alteration in original) (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)). Plaintiff's allegations are that Connections did not provide for physical therapy as a cost-cutting measure, there is blanket order to reduce treatment to inmates housed in SHU, and the delay or denial of medical care was based upon non-medical reasons. Construed liberally, the alleged conduct -- although not specifically endorsed or authorized -- could be so well-settled and permanent as to constitute a Connections policy, custom, or practice.

While discovery may show that Medical Defendants acted properly, at this early stage of the litigation, Plaintiff has pled sufficient facts to proceed against them. Therefore, the Court will grant in part and deny in part Medical Defendants' Rule 12(b)(6) motion. (D.I. 30)

## IV. RULE 12(b)(5) MOTION TO DISMISS

Medical Defendants move to dismiss the claims against Dr. Ellis for insufficiency of service pursuant Fed. R. Civ. P. 12(b)(5), on the grounds that the service packet was delivered to a Connections' employee who is not an agent authorized to accept service on behalf of the medical defendants. A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 90-day time limit for perfection of service following the filing of a complaint. If service is not completed within that time, the action

is subject to dismissal without prejudice. *See id.; see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

In the past, the Court was advised that Connections' policy was that it, and its employees, would not waive service as set forth in Fed. R. Civ. P. 4(d). As a result, Connections and its employees had to be personally served with a summons and complaint. The record reflects a summons was issued so Dr. Ellis could be personally served by the United States Marshal Service ("USMS"). The Court notes that in attempting to effect service, Plaintiff has complied with all court orders to serve Dr. Ellis.

Plaintiff is an incarcerated individual. As such, he must rely upon the USMS to effectuate service. The USMS delivered the service packet for Dr. Ellis to an individual employed by Connections Community Support Programs, Inc. at its business office. Medical Defendants state that the employee was not authorized to accept service on behalf of Dr. Ellis, but Medical Defendants do not explain why the employee accepted the service packet when he was not authorized to do so.

Under Rule 12(b)(5), the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the Court will deny the motion to dismiss for insufficient service of process.

Pursuant to Fed. R. Civ. P. 4(d), Medical Defendants were required to waive service. Their former position was that they would not waive service despite the fact that Rule 4(d) affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon the defendants. *Id.* If defendant "fails, without good cause, to sign and return [the] waiver" requested by plaintiff within

6

a "reasonable time," the court "must impose on [defendant]": (A) the "expenses later incurred in making service"; and (B) the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *See* Fed. R. Civ. P. 4(d)(1)(F), 4(d)(2)(A), 4(d)(2)(B). In light of the foregoing, Plaintiff will be given another opportunity to personally serve Dr. Ellis.

Finally, the Court has a responsibility to assist *pro se* plaintiffs in the service of process. *See Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. May 24, 2010). This Court has entered orders to assist *pro se* plaintiffs in obtaining addresses of defendants so that service may be effected. *See In re Johnson*, 2001 WL 1286254 (D.C. Cir. Sept. 28, 2001) (district court ordered individual to indicate where and when he was available for service of process or to provide district court with name and address of individual authorized to accept service of process on his behalf); *Palmer v. Stewart*, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (court ordered counsel for New York City to file an affidavit containing name and address to assist *pro se* plaintiff in service of process); *Garrett v. Miller*, 2003 WL 1790954 (N.D. Ill. Apr. 1, 2003) (counsel for defendants ordered to provide address to court to assist pro se plaintiff in obtaining service of process). Additionally, the Court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). Without the correct address, Plaintiff cannot effect service.

Therefore, the Court will order Connections (which has appeared through counsel) to provide to the Court, under seal, the last known home and business addresses for Dr. Ellis, whether he remains employed by Connections and, if known, the correctional facility where he is now located, so that he may be served. In the alternative, Connections may opt for service of Dr. Ellis via electronic notification as set forth in the memorandum of understanding between this Court and Connections Community Support Programs, Inc., effective April 9, 2018.

7

## V. CONCLUSION

For the above reasons, the Court will: (1) grant in part and deny in part Medical Defendants' motion to dismiss; and (2) order Connections to provide the last known address for Dr. Ellis so that he may be served or, in the alternative, Dr. Ellis may opt for service via electronic notification.

An appropriate Order follows.