IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEE TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-667 (MN) |
| | ) |
| CONNECTION CSP, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 19th day of December 2019, having considered Plaintiff's motion to compel (D.I. 97) and motion for discovery (D.I. 100);

IT IS HEREBY ORDERED that: (1) the motion to compel (D.I. 97) is DENIED; (2) the motion for discovery (D.I. 100) is GRANTED; and (3) the parties are given up to and including June 1, 2020, to conduct additional discovery, for the reasons that follow:

1. **Introduction**. Plaintiff Lee Turner ("Turner"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12131. (D.I. 2). Plaintiff appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 8). On September 11, 2018, the Court dismissed the Americans with Disability Act and Section 504 Rehabilitation Act claims raised against Medical Defendants in Count Four and the due process claims raised in Count Five against all Defendants. (*See* D.I. 35).

2. **Background**. Plaintiff served his first set of interrogatories and requests for production of documents upon Defendant Connections CSP ("Connections") on January 16, 2019, and a second set of interrogatories and request for production of documents upon Connections March 21, 2019. (D.I. 56, 78). The discovery requests do not separate the interrogatories from

the requests for production of documents. Rather, the discovery sought is by numbered paragraph with the interrogatories appearing to begin with the word "state" or phrased as a question, and the requests for production of documents beginning with the word "produce" or "provide."

3. Connections was granted a 30-day extension to respond to the first set of interrogatories and requests and filed its responses and objections on March 8, 2019. (D.I. 67, 68). On April 19, 2019, Connections filed supplemental responses to Plaintiff's first set of interrogatories and requests for production of documents, on April 25, 2019, it provided Plaintiff a copy of his medical records, and on May 24, 2019, it filed responses and objections to Plaintiff's second set of interrogatories and requests for production of documents. (D.I. 88, 89, 97). On June 12, 2019, Plaintiff filed a motion to compel Connections to fully answer the first set of interrogatories and requests for production Nos. 4, 5, 6, 11, and 14 and the second set of interrogatories and requests for production Nos. 1, 2, 3, 4, 5, 9, 10, and 11. (D.I. 97). On July 19, 2019, the Court entered an oral order that: (1) extended the deadline for summary judgment motions, opening briefs, and affidavits, if any, until 30 days after the Court's ruling on discovery motions found at Docket Items 97 and 100, or until 30 days after the completion of fact discovery, whichever is later; and (2) extended the deadlines for filing answering briefs and affidavits, if any, within 21 days of the opening briefs and for filing reply briefs within 14 days of the answering briefs. (*See* D.I. 105).

4. **Discovery**. Pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

5. **Interrogatories and Requests for Production of Documents**. Pursuant to Fed. R. Civ. P. 37(a)(3)(B), a party seeking discovery may move for an order compelling an answer or production if a party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33 (interrogatories to parties) or a party fails to produce documents as requested under Fed. R. Civ. P. 34 (producing documents, electronically stored information, and tangible things, or entering onto land, for inspection and other purposes). A party moving to compel another party to respond to a discovery request must direct the court to the particular discovery request at issue and inform the court of how the response received to that request, if any, is deficient. *See Parks, LLC v. Tyson Foods, Inc.*, C.A. No. 5:15-cv-00946, 2015 WL 5042918 (E.D. Pa. Aug. 26, 2015).

6. Plaintiff moves to compel answers or responses to the first set of interrogatories and requests for production Nos. 4, 5, 6, 11, and 14 and the second set of interrogatories and requests for production Nos. 1, 2, 3, 4, 5, 9, 10, and 11 on the grounds that Connections "refused to completely answer any interrogatories or produce any production of documents" and sent him redacted documents in an untimely manner. Connections objected to the discovery requests and in most instances answered them. The Court has considered Plaintiff's arguments in support of his motion, thoroughly reviewed the discovery produced by Connections and its objections to the requests, and sustains the objections as they are well-taken. The Court will deny Plaintiff's motion to compel. (D.I. 97).

7. **Motion for Discovery**. Plaintiff seeks leave to propound a third set of interrogatories and requests for production of documents upon Defendants. (D.I. 100).

3

Defendants oppose. (D.I. 103). Plaintiff explains he has had a difficult time obtaining discovery from Connections and he was awaiting responses to his prior discovery requests to formulate additional discovery requests. The Court recognizes that Plaintiff proceeds *pro se* and is incarcerated. Therefore, the Court affords him some latitude in the discovery process. His motion will be granted. The parties are given up to and including June 1, 2020, to conduct additional discovery.

                                                                                                          _____
                                                                                                          The Honorable Maryellen Noreika
                                                                                                          United States District Judge