IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEE TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-667 (MN) |
| | ) |
| CONNECTION CSP, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 9th day of March 2021;

1. Plaintiff Lee Turner ("Plaintiff"), who proceed *pro se*, is an inmate at James T. Vaughn Correctional Center. He filed this action on August 4, 2016 pursuant to 42 U.S.C. § 1983. (D.I. 2).

2. On May 18, 2020, Defendant Sheila Reinick ("Reinick") filed a motion to dismiss. (D.I. 114). On October 7, 2020, this Court entered an Order directing Plaintiff to file a response to the motion to dismiss on or before October 23, 2020. (D.I. 121). He did not.

3. On January 11, 2021, this Court entered an Order for Plaintiff to show cause, on or before February 1, 2021, why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1. (*See* D.I. 124). In turn, Plaintiff filed a request for counsel. (D.I. 126).

4. On February 3, 2021, this Court entered an Order that denied Plaintiff's request for counsel and ordered him to file a response to Reinick's motion to dismiss (D.I. 114) on or before February 26, 2021. (*See* D.I. 126). Plaintiff was warned that his failure to respond to the motion would result in dismissal without prejudice of all claim raised against Reinick. Plaintiff did not file a response to the motion to dismiss.

5.  Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

6.  The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. Apr. 2019). This Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

7.  Several factors warrant the sanction of dismissal of Reinick including Plaintiff's dilatory history, his failure to respond to the motion to dismiss, and his abandonment of all claims against her.

THEREFORE, IT IS HEREBY ORDERED that:

1.  Defendant's motion to dismiss is DENIED as moot. (D.I. 114).

2.  Defendant Sheila Reinick and all claims against her are DISMISSED without prejudice.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge